This appeal arises from the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, reallocating parental rights and responsibilities for the parties' two minor children from defendant-appellant, Rebecca Rathburn n.k.a. Rebecca Spagnola ("mother") to plaintiff-appellee, Douglas Rathburn ("father"). For the reasons set forth below, the trial court's judgment is affirmed.
 I. STATEMENT OF FACTS
The parties were granted a divorce in November 1995. Mother was awarded custody of the parties' two children who were born in November 1986 and July 1988. Mother married Mr. Spagnola in March 1997. In May, mother filed a motion for relocation of the children from Mahoning County to Plant City, Florida, and father filed a motion for reallocation of parental rights and responsibilities.
On July 1, 1997, mother quit her $11.40 per hour full-time surgical technologist position at Trumbull Memorial Hospital. Mother's husband quit his $10.00 per hour full-time managerial position at DIY Home Warehouse. On August 4, mother and her husband moved into an apartment in Florida. Neither mother nor her husband had secured employment by the time of the motion hearing on August 20.
At such hearing, the guardian ad litem testified, in accordance with her report, that it was her opinion that the children should remain in Mahoning County with father. The court released its judgment entry in favor of father on August 27. The within appeal followed.
 II. ASSIGNMENTS OF ERROR
Mother sets forth three assignments of error on appeal, the first two of which allege:
 "The trial court abused its discretion in modifying the previous order regarding allocation of parental rights and responsibilities."
 "The court failed to find a valid change of circumstances as required by statute in modifying a prior custody order."
The statutory provision applicable to modifications of child custody orders is R.C. 3109.04(E)(1)(a)(iii) which provides in pertinent part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and * * * The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
Accordingly, three elements must exist in order for the court to properly change the holder of the title of residential parent from mother to father: (1) there must be a change in circumstances; (2) the modification of custody must be in the children's best interests; (3) any harm to the children from moving in with father must be outweighed by the advantages of such a move. Mother alleges that none of these three elements have been established, resulting in a judgment entry that constitutes an abuse of discretion.
The abuse of discretion standard of review is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Miller v. Miller
(1988), 37 Ohio St.3d 71, 73-74; Blakemore v. Blakemore(1983),5 Ohio St.3d 217, 219. The discretion exercised by the trial court must be given our utmost respect for the trial court is in a superior position to evaluate the parties' credibility and the relevant factors. See, e.g., Miller, supra at 74; Trickey v.Trickey(1952), 158 Ohio St. 9, 13.
We must initially determine whether the trial court abused its discretion when it found the threshold element of changed circumstances. See Davis v. Flickinger(1997), 77 Ohio St.3d 415. A substantial change is not necessary; all that is required is a change which affects the children best interests. Id. at 420-21 (stating "we must not make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it is necessary for the best interest of the child")
The changes found by the court in the case sub judice include mother's move to Florida into an apartment with a three month lease, the unemployment of mother and her husband due to voluntary relinquishment of their jobs in the Youngstown area, and the resulting impossibility of frequent visitation by father with his children. When these changes are considered in conjunction with the children's best interest, which are discussed infra, we cannot hold that the trial court abused its discretion in finding changed circumstances.
As previously indicated, the second element in custody modification decisions is the children's best interests. In determining the children's best interests, R.C. 3109.04(F)(1) (a) — (j) mandates that the court consider relevant factors such as the parents' wishes, the children's concerns, the children's interaction with parents, siblings, and others who may significantly affect the children, the children's adjustment to home, school and community, all parties' mental health, whether one parent will be more apt to facilitate visitation and whether a parent established a residence outside of Ohio.
It is clear that the trial court considered these factors and found that it is in the children's best interests to stay in a familiar community at a familiar school near family such as the children's two half-siblings. The court also determined that father is more stable than mother. It cannot be said that the trial court's attitude was unreasonable or unconscionable when it found that the children's best interests will be better served by remaining in the Youngstown area with their father than by relocating to a different state with their mother and her husband, neither of whom have jobs.
The final portion of our analysis of the elements of custody modification requires us to determine whether it was an abuse of discretion for the trial court to find that the benefits of awarding custody to father outweigh any detriments of such an award. Mother argues that there exists no proof that the children will suffer actual harm if they are moved to Florida. She argues that the benefits of moving to Florida outweigh any detriments and include the potential to buy a home in a safe, gated community, the school system, the open job market, and the allegation that father's visitation would not be impeded.
The trial court disagreed with mother and found that father's visitation would be impeded and that it was unrealistic and irresponsible for mother to tell her children that they could see father whenever they wanted if they moved to Florida with her. The court concluded that the benefits to the children of stability, familiarity and the support network of family and friends outweigh any detriments associated with the change of custody from mother to father. The court made its decision based upon its hearing of the various viewpoints contained in the testimony presented. The court's determination in this regard was not arbitrary, unreasonable, or unconscionable. Therefore, mother's first and second assignments of error are overruled.
Mother's third assignment of error contends:
 "The trial court impermissibly required the appellant to demonstrate that the move to Florida was a `necessity'."
This assignment of error deals with one sentence in the trial court's judgment entry which reads, "The Court finds it difficult to understand the move when no evidence whatsoever was presented to show necessity for the move." By reading the entire judgment entry, it is clear that necessity for the move was not the deciding factor. As we held in Nentwick v. Nentwick(Feb. 2, 1998), Jefferson App. No. 96-JE-27, unreported, "simply pointing to factors which might have weighed in favor of revision, as appellant does, does not establish that the trial court's attitude was unreasonable, arbitrary, or unconscionable."
The fact that the move was unnecessary was merely an observation which may have weighed in the court's determination that mother is less stable than father. The court outlined various factors which weighed in its decision; no single factor was dispositive. Accordingly, this assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE